PER CURIAM.
This is an appeal from a conviction and sentence for burglary. We affirm.
We believe there is competent substantial evidence in the record to support the trial court’s denial of appellant’s motion to suppress concerning the seizure of evidence from appellant at the scene of the burglary. Specifically the evidence would support a finding that the police officer who seized the evidence had probable cause to arrest and search the appellant at the time. This probable cause could have been predicated both on the officer’s knowledge of the burglary that had just taken place and the appellant’s bizarre behavior at the scene. Cf. State v. Williams, 34 Wash.App. 662, 663 P.2d 1368 (1983) and Commonwealth v. Williams, — Pa.Super. —, 464 A.2d 411 (1983). We also find no error in the trial court’s refusal to inval *341 idate the warrantless search of an automobile which, according to the evidence, appeared at the time to be owned by appellant’s girlfriend who opened the automobile for the police, fully consented to a search thereof, and then drove off in the same vehicle. Although ownership of the automobile was later disputed, there was evidence presented that the vehicle was registered in the girlfriend’s name.
ANSTEAD, C.J., and BERANEK and GLICKSTEIN, JJ., concur.